**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| THE SCRAP YARD, LLC, *et al.,* ) | CASE NO: 1:10-cv-2465 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE WELLS |
| vs. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| THE CITY OF CLEVELAND, *et al.*, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | Doc. No. 8 |
| ) | |

This case is before the magistrate judge on referral. Before the court is the motion of defendants, the City of Cleveland ("Cleveland" or "the city"); Frank Jackson ("Jackson"), the Mayor of Cleveland; and David Cooper ("Cooper"), the Chief Building Official for Cleveland, to dismiss the complaint against them pursuant to Fed. R. Civ. P. 12(b)(6) ("R. 12(b)(6)"). Doc. No. 8. Plaintiffs, The Scrap Yard, LLC ("Cleveland Scrap"), Allen Youngman ("A. Youngman"), and Jacob Youngman ("J. Youngman"), oppose defendants' motion. Doc. No. 9. For the reasons given below, defendants' motion should be GRANTED as follows:

• Plaintiffs' third claim, alleging an uncompensated taking, should be dismissed without prejudice as unripe and outside the court's subject matter jurisdiction;

- Plaintiffs A. Youngman and J. Youngman should be dismissed as parties to the action for lack of standing; and

- Plaintiffs' first, second, fourth, fifth, and sixth grounds for relief should be dismissed with prejudice as without merit.

The reasons for these dispositions follow.

I

Except where otherwise noted, plaintiffs plead or do not deny the following facts.

On April 25, 2006 City of Cleveland filed a complaint for injunctive and other relief in Cleveland Municipal Housing Court against Cleveland Scrap and against Ian J. Abrams ("Abrams"), then-owner of the Scrap Yard and owner of the land at 3018 East 55th Street, Cleveland, Ohio upon which the Scrap Yard operated as a tenant ("the site").  The complaint alleged various zoning code violations against Cleveland Scrap and Abrams, including failing to acquire a certificate of occupancy, expanding scrap metal processing unlawfully, failuring to obtain a license, storing materials on the site without necessary authorization, piling materials in excess of the legal height, erecting structures on the property without a permit, and fencing portions of the site in violation of ordinance.  The city sought a preliminary and permanent injunction against operations at the site.

In June 2008, the parties submitted an agreed judgment entry to the Housing Court, one which provided that Abrams would seek certain variances at the site, would continue to operate his scrap business pending the hearing with the board of zoning appeals, and would keep portions of the site and the nearby road clear of trash and debris while the case was pending at the Housing Court.  After a hearing, the board of

zoning appeals rejected Abrams' request for variances on July 17, 2006.

On September 11, 2006, the Cleveland Housing Court held a hearing on the city's motion for a preliminary injunction. On September 14, 2006, the magistrate judge issued his recommendations, and the Housing Court adopted them the same day. Cleveland Scrap alleges that it was not given an opportunity to file objections to the magistrate judge's report before the court adopted it.  The Housing Court entered a judgment and order finding that Cleveland Scrap was illegally conducting operations on the premises and preliminarily enjoined Cleveland Scrap from conducting those operations.[1]

On September 19, 2006, Abrams and Cleveland Scrap appealed the Housing Court's preliminary injunction.[2]  The state appellate court eventually dismissed *sua sponte* Cleveland Scrap's appeal of the preliminary injunction as not being a final appealable order.

On March 21, 2007, Cleveland filed in the Housing Court a motion for Cleveland Scrap to show cause why it should not be held in contempt for violating the court's September 14, 2006 order.  The Housing Court held a hearing on this motion on April

---

[1]  The appellate court found that the injunction enjoined Cleveland Scrap from conducting further operations on that portion of the site known as "the hilltop."  *See Cleveland v. Abrams* ("*Cleveland Scrap I*"), 177 Ohio App. 3d 68, 70-71, 893 N.E.2d 902, 903 (2008)

[2]  On September 28, 2006, Abrams and Cleveland Scrap filed in the Housing Court an objection to the magistrate judge's decision.  On October 10, 2006, Cleveland city filed a response to those objections and made an objection of its own.  On October 13, 2006, the trial court found that it lacked jurisdiction to rule on any objections to the magistrate judge's report while the preliminary injunction was on appeal and ordered the clerk to transmit the file to the appellate court.  *See Cleveland Scrap I*, 177 Ohio App. 3d at 71, 893 N.E.2d at 903-04.

23, 2007.  On April 30, 2007, the court found Cleveland Scrap in contempt of the court's order, but the court also set forth certain conditions that, if met, would allow Cleveland Scrap to "purge" itself of the contempt citation.  Despite attempts by Cleveland Scrap to meet those conditions, the Housing Court found Cleveland Scrap in contempt on May 17, 2007 and imposed sanctions against the company.  The sanctions included a fine of $10,000 for each delivery of scrap received.  As Cleveland Scrap received about 100 scrap deliveries a day, the sanctions potentially subjected Cleveland Scrap to a fine of about $1,000,000 per day.

Cleveland Scrap filed a timely notice of appeal of the contempt citation on May 23, 2007.  That same day, it also filed in the Housing Court a motion to stay the proceedings and set bond pending the stay.  The Housing Court imposed bond of $8,100,000.[3]  When Cleveland Scrap failed to post bond, the court ordered the bailiffs to secure the gates of the site, thus prohibiting deliveries to Cleveland Scrap and preventing it from conducting further operations.

On September 11, 2008, the state appellate court, in an opinion issued upon reconsideration, reversed the Housing Court.  *Cleveland v. Abrams* ("*Cleveland Scrap II*"), 2008 WL 4174974 (Ohio App. Sept. 11, 2008).  It found that the Housing Court's preliminary injunction was vague and unclear, thus rendering the contempt citation invalid; that the site was exempt from city ordinances regulating aesthetics and the height of junk; that Cleveland Scrap could not be held in contempt for conducting unauthorized operations on any portion of the property because its permit authorized

---

[3] Defendants allege that the court lowered the bond to $1,000,000.

4

operations on all portions of the property; and that Cleveland Scrap was not required to obtain a certificate of occupancy. The state appellate court (1) invalidated the injunction and the contempt order and (2) remanded the case to the Housing Court (a) to conduct a hearing to act in compliance with the appellate court's decision and (b) to further review the legal merits underlying the first preliminary injunction order.

While Cleveland Scrap's appeal was pending in the state appellate court, the Housing Court held a trial on the merits of the request for a permanent injunction on August 12-14, 2008. After hearing the evidence produced at that trial, the Housing Court issued a permanent injunction against Cleveland Scrap's doing business at the site.

Cleveland Scrap timely appealed issuance of the permanent injunction. On February 25, 2010, the state appellate court reversed the Housing Court and vacated the injunction. The appellate court found that the Housing Court had jurisdiction over the merits of the case while Cleveland Scrap's appeal of the preliminary injunction was pending in the appellate court. The state appellate court found, nevertheless, that the Housing Court's permanent injunction conflicted with the law of the case as established by the state appellate court's ruling in *Cleveland Scrap II*, filed a month after the Housing Court issued its permanent injunction. *See Cleveland v. Abrams* ("Cleveland Scrap III"), 2010 WL 664144 (Ohio App. Feb. 25, 2010). The state appellate court also entered judgment in favor of Cleveland Scrap and Abrams on the complaint.

On May 31, 2007, while the state actions were proceedings, Cleveland Scrap filed in this court a complaint for injunctive and other relief. *Scrap Yard, LLC v. City of Cleveland, et al.*, Case No. 1:07-cv-1608 (N.D. Ohio 2007). The complaint asserted

5

seven causes of action:  (1) a claim pursuant to 42 U.S.C. § 1983 ("§ 1983") alleging deprivation of due process for the City of Cleveland's failure to follow its own ordinance; (2) a § 1983 claim alleging deprivation of substantive due process; (3) a § 1983 claim alleging that Cleveland Codified Ordinance § 347.06(d) regulating the "Height of Junk" is unconstitutionally vague; (4) a § 1983 claim alleging that the Cleveland Codified Ordinance § 676.13(a) regulating "Screening of Junk Yards" is unconstitutionally vague; (5) a federal takings claim alleging the City of Cleveland's enforcement of its ordinances failed to advance a legitimate government interest and therefore amounted to an unlawful taking of private property; (6) a state law claim alleging tortious interference with property rights; and (7) a state law claim alleging the City of Cleveland's negligence to adequately train, supervise, and discipline the behavior of its employees.  Cleveland Scrap also moved for a temporary restraining order to (1) enjoin the city from enforcing, or attempting to enforce or mandate the ordinances of the City of Cleveland which require the plaintiff to cease its operation; and (2) allow the plaintiff to continue its normal and usual business operations.  On October 28, 2010, the court dismissed the complaint without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1991).  In issuing its decision, the court observed, "[T]here is a two-year statute of limitations on each of the plaintiff's claims. As the statute of limitations start to toll from the date of the alleged injury, in this case 17 May 2007, the Court concludes that a dismissal will not give rise to statute of limitations issues."  Order and Opinion, June 1, 2007, Doc. No. 9, p. 6.

Cleveland Scrap, A. Youngman, and J. Youngman filed the present case on December 30, 2010.  Plaintiffs assert six claims in their complaint:  (1) a § 1983 claim

6

alleging a violation of due process; (2)  a § 1983 claim alleging deprivations of liberty health, safety, privacy, and welfare; (3) an unlawful taking of property;[4] (4) a state law claim for tortious interference with property rights; (5)  a state law claim for negligence; and (6) a state law claim for frivolous conduct.  Defendants respond that (1) plaintiffs cannot challenge the actions of the Housing Court by virtue of the Rooker-Feldman doctrine; (2) Cleveland is not liable for the actions of the Cleveland Municipal Housing Court because that court is not a department or division of the city; (3) plaintiffs have failed to state a cause of action against Cooper and Jackson; (4) plaintiffs' claims are barred by *res judicata*; (5) plaintiffs' claims are barred by the statute of limitations; (6) plaintiffs' due process and takings claims are not ripe for adjudication; (7) plaintiffs have failed to state a cause of action against defendants because they have failed to allege that the alleged deprivations took place pursuant to defendants' policy or custom; (8) the city is immune to plaintiffs' tort claims; and (9) A. Youngman and J. Youngman lack standing to bring this suit.  Defendants now move pursuant to R. 12(b)(6) to dismiss plaintiffs' complaint.  Plaintiffs oppose this motion.

II

In deciding a motion to dismiss under R. 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).  The court need not, however, accept conclusions of law as true:

---

[4] Plaintiffs' response contends that this is a federal claim, asserting a violation of the Takings Clause of the United States Constitution, and also "may be viewed as a state law claim . . . in the alternative . . . ."  Response at 11.

7

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2d 929 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant -unlawfully-harmed-me accusation. *Id.*, at 555, 127 S. Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S. Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S. Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S. Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible."* *Weisbarth*, 499 F.3d at 541 (quoting *Iqbal v. Hasty,* 490 F.3d 143, 157-58 (2d Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Documents referenced in the pleadings and central to plaintiff's claims, matters of which a court may properly take notice, public documents, and letter decisions of

8

government agencies may be appended to a motion to dismiss. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509 (2007). Otherwise, if a party appends matters outside the pleadings to a motion to dismiss and the court considers that material, the motion must be treated as a motion for summary judgment made pursuant to Fed. R. Civ. P. 56. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009).

III

Defendants move to dismiss plaintiffs' complaint because (1) plaintiffs are precluded from challenging the actions of the Housing Court by virtue of the Rooker-Feldman doctrine; (2) Cleveland is not liable for the actions of the Cleveland Municipal Housing Court because that court is not a department or division of the city; (3) plaintiffs have failed to state a cause of action against Cooper and Jackson; (4) plaintiffs' claims are barred by *res judicata*; (5) plaintiffs' claims are barred by the statute of limitations; (6) plaintiffs' due process and takings claims are not ripe for adjudication; (7) plaintiffs have failed to state a cause of action against defendants because they have failed to allege that the alleged deprivations took place pursuant to defendants' policy or custom; (8) defendants are immune to plaintiffs' tort claims; and (9) A. Youngman and J. Youngman lack standing to bring this suit. The court shall examine these claims in the order that it finds most expeditious in resolving the pending motion.

A. *Plaintiffs have failed to state a cause of action pursuant to § 1983 against Cooper and Jackson*

Defendants contend that plaintiffs have failed to state a cause of action pursuant to § 1983 against Cooper and Jackson. Plaintiffs deny defendants' contention.

The Sixth Circuit is adamant regarding the obligation to allege constitutional violations against government officials with specificity:  "This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."  *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Regional Psychiatric Hospital,* 286 F.3d 834, 842 (6th Cir. 2002)).  Moreover, as already noted, a complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

In the instant case, plaintiffs have failed to allege with particularity facts that demonstrate what Cooper and Jackson did to violate plaintiffs' rights.  As defendants point out, plaintiffs have simply conflated the acts of the city and the Housing Court and attributed those acts to all defendants.  *See* Reply, Doc. No. 10, p. 5.  This is not sufficient to state a claim for relief pursuant to § 1983 for alleged constitutional violations against government officials.  Nor is it sufficient to state a claim that is plausible on its face.  Plaintiffs have not pleaded sufficient factual content to allow the court to draw the reasonable inference that the individual defendants are liable for the misconduct alleged.  Consequently, the allegations of the complaint do not meet the pleading standard established by *Iqbal* and *Twombly*.  For these reasons, plaintiffs' first and second causes of action, the § 1983 claims, should be dismissed as to Cooper and Jackson pursuant to R. 12(b)(6).

*B.    Plaintiffs have failed to state a cause of action against Cleveland pursuant to §
       1983 because they do not allege that the violations occurred pursuant to the
       city's policy or custom*

Defendants contend that plaintiffs have failed to state a cause of action against Cleveland pursuant to § 1983 because they have not alleged that the violations occurred pursuant to Cleveland's policy or custom.  Plaintiffs respond that the enforcement of inapplicable codes against them was a policy or custom.

A plaintiff may not sue a unit of local government pursuant to § 1983 under a theory of *respondeat superior* for injuries caused by the local government's employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  Rather, a local unit of government is liable for injuries caused by its employees only when those injuries are inflicted in the course of executing the government's policy or custom.  *Id.* Consequently, a § 1983 plaintiff seeking to hold a municipality liable must allege that the particular injury flowed from the execution of the municipality's policy or custom.  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 361, 363-64 (6th Cir. 1993).

Plaintiffs do not allege that Cleveland engaged in the conduct alleged in the complaint toward any other entities.  Consequently, they have not alleged a "policy or custom," but rather described a single set of allegedly wrongful acts.  Because plaintiffs have not alleged that the violations were the result of Cleveland's policy or custom, plaintiffs have failed to state a claim against Cleveland pursuant to § 1983.

For the reasons given above,  plaintiffs' first and second causes of action, the § 1983 claims, should be dismissed as to Cleveland pursuant to R. 12(b)(6).[5]

---

[5] Plaintiffs also contend that they may assert a violation of their civil rights under the Ohio Constitution.  Plaintiffs make this bare assertion without argument or citation to law,

11

*C. Plaintiffs' claim for an unlawful taking of property should be dismissed as not ripe*

Defendants contend that plaintiffs' claim for an unlawful taking of property is not ripe because defendants have failed to exhaust available state remedies. Plaintiffs respond that requiring them to exhaust state remedies would put them through "Dickensian formalities to confirm the government's obvious intentions." Response at 11 (quoting *Kruse v. Village of Chagrin Falls*, 74 F.3d 694 (6th Cir. 1994).

Article III of the United States Constitution requires that federal jurisdiction be limited to "cases" or "controversies." *See also Dixie Fuel Co. v. Comm'r of Soc. Sec.*, 171 F.3d 1052, 1057 (6th Cir. 1999). A case that is not yet ripe for adjudication must be dismissed for a lack of jurisdiction. *Bigelow v. Mich. Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992).

The Supreme Court has determined that if a State provides an adequate procedure for seeking compensation when the state has taken private property, there is no violation of the Just Compensation Clause until the property owner has used the state's procedure and been denied just compensation. *Williamson County Regional Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 195 (1985). If plaintiffs have not pursued state remedies, their action for an unlawful taking is not ripe. *Id.*

A mandamus action in an Ohio court is a constitutionally adequate remedy for an unconstitutional taking. *Silver v. Franklin Township*, 966 F.2d 1031, 1035 (6th Cir. 1992). A property owner's claim that Ohio has unconstitutionally taken a plaintiff's property is not ripe for federal review if the owner has not pursued mandamus relief in

---

including citation to an enabling statute that would entitle them to assert such a claim.

the state courts. *J-II Enterprises, LLC v. Board of Com'rs of Warren County*, 2005 WL 1285640 (6th Cir. May 18, 2005).

Plaintiffs do not deny that they have failed to pursue a mandamus action in state court to seek compensation for the alleged unconstitutional taking. Consequently, that claim is not ripe. Their assertion that such an action is "Dickensian" is contradicted by the Sixth Circuit's finding that the remedy is constitutionally adequate.

For the above reasons, plaintiffs' third claim, that defendants' acts resulted in an unlawful taking of property, should be dismissed because it is not ripe and is beyond this court's jurisdiction.

*D.     Cleveland is immune to plaintiffs' state law tort claims*

Defendants argue that Cleveland is immune to plaintiffs state law tort claims as a matter of statutory law. Defendants respond that the city is liable for constitutional violations such as those alleged in this case.

In the state of Ohio, when a political subdivision[6] asserts immunity from liability against tort claims, the court must perform a three-tiered analysis to determine whether that assertion of immunity is valid. *See Cater v. City of Cleveland*, 83 Ohio St. 3d 24, 28, 697 N.E.2d 610, 614 (1998). First, the court turns to Ohio Rev. Code § 2744.02(A)(1), which divides the functions of political subdivisions into governmental functions and proprietary functions. Ohio Rev. Code § 2744.02(A)(1) also states the general rule that "a political subdivision is not liable in damages in a civil action for

---

[6] A county "or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state" is a political subdivision in Ohio. Ohio Rev. Code § 2744.01(F).

13

injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." Ohio Rev. Code §§ 2744.02(C)(2)(p) provides that actions in connection with zoning codes are government functions.

Second, the court consults Ohio Rev. Code § 2744.02(B), which provides exceptions to this general rule. Ohio Rev. Code §§ 2744.02(B)(1)-(5) allow liability for political subdivisions under these circumstances:

> (1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority. . . .
>
> (2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions.
>
> (3) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads . . . .
>
> (4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, . . . but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code.
>
> (5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code . . . .

If one of the exceptions to municipal immunity at §§ 2744.02(B)(1)-(5) applies, the political subdivision is potentially liable for the alleged injury. In that case, the court

14

looks to Ohio Rev. Code § 2744.03 to determine whether the municipality has any additional defenses to liability.

In the instant case, the alleged tortious acts occurred as part of the city's enforcement of its zoning codes. That is a governmental function according to Ohio Rev. Code §§ 2744.02(C)(2)(p). Thus, Cleveland is immune to the tort liability plaintiffs' assert unless an exception to immunity applies. Plaintiffs do not allege, and it does not appear to this court, that any exception at Ohio Rev. Code §§ 2744.02(B)(1)-(5) applies in this case. Thus, Cleveland is immune as to plaintiffs' fourth and fifth claims, alleging tortious interference with property rights and negligence.

Plaintiffs argue that the city is not immune to plaintiffs' tort claims because it is responsible for the torts of its employees, citing *Enghauser Mfg. Co. v. Ericksson Eng'g Ltd.*, 6 Ohio St. 3d 31, 451 N.E.2d 228 (1983). The holding in that case was superceded by Ohio Rev. Code §2744 and is no longer good law. *See Tabernacle of Prayer Church v. Columbus*, 114 Ohio App. 3d 673, 675, 683 N.E.2d 873, 874 (1996).

For the reasons given above, plaintiffs' fourth, fifth, and sixth claims, alleging tortious interference with property rights, negligence, and frivolous conduct, should be dismissed as to Cleveland.

*E.      Plaintiffs fail to state a tort claim against Cooper and Jackson*

Defendants argue that the state tort claims against Cooper and Jackson should be dismissed because plaintiffs fail to specify any individual acts that would subject them to liability.

As already noted, a complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S.

15

at 570. In the instant case, plaintiffs have failed to allege with particularity facts that demonstrate what Cooper and Jackson did to tortiously interfere with plaintiffs' property rights, negligently damage plaintiffs, or injure plaintiffs through their frivolous conduct. Indeed, plaintiffs have not alleged a single individual act taken by either Cooper or Jackson. Conflating the acts of the city and the Housing Court and attributing those acts to all defendants, including the individual defendants, is insufficient to state a claim for relief plausible on its face, as it does not allow the court to draw the reasonable inference that the individual defendants are liable for the misconduct alleged. Consequently, the allegations of the complaint do not meet the pleading standard established by *Iqbal* and *Twombly*.

For these reasons, plaintiffs' fourth, fifth, and sixth claims, alleging tortious interference with property rights, negligence, and frivolous conduct, should be dismissed as to Cooper and Jackson.

*F.     A. Youngman and J. Youngman lack standing to bring this suit*

Defendants assert that A. Youngman and J. Youngman lack standing to bring this suit because they have not alleged that they were individually damaged by defendants' alleged wrongful acts. Plaintiffs respond that the complaint at paragraphs 29 and 30 alleges that the Youngmans have been individually harmed.

The Constitutional requirement that federal jurisdiction be limited to "cases" or "controversies" mandates that a party bringing an action have standing, which requires that the party have an actual injury or claim. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 476 n.13 (1982); *United States v. Van*, 931 F.2d 384, 387 (6th Cir. 1991). A court evaluates a

party's standing by determining "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Van*, 931 F.2d at 387 (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)).

Shareholders and corporate officers do not have standing to assert claims based on injury to the corporation:

> [I]t is universal that where the business or property allegedly interfered with by forbidden practices is that being done and carried on by a corporation, it is that corporation alone, and not its stockholders (few or many), officers, directors, creditors or licensors, who has a right to recovery, even though in an economic sense real harm may well be sustained as the impact of such wrongful acts bring [sic] about reduced earnings, lower salaries, bonuses, injury to general business reputation, or diminution in the value of ownership.

*Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597, 603 (6th Cir. 1988) (*quoting Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896-97 (5th Cir. 1968)). Only "'[w]here the shareholder suffers an injury separate and distinct from that suffered by other shareholders,' or the corporation as an entity, the shareholder may maintain an individual action in his own right." *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 315 (1987) (quoting *Twohy v. First Nat'l Bank*, 758 F.2d 1185, 1194 (7th Cir. 1985)).

Paragraphs 29 and 30 of the complaint state as follows:

29. Plaintiff Allen Youngman is the majority owner and President of Cleveland Scrap and has personally been damaged to an undetermined extent by the illegal actions of Defendants.

30. Jacob Youngman is the minority shareholder and Vice-President of Cleveland Scrap, in charge of day-to-day operations, and has been damaged to an undetermined extent by the illegal actions of Defendants.

Plaintiffs plead no other facts in support of their assertion that they were individually

17

injured by defendants.[7]

Plaintiffs have not alleged sufficient facts to demonstrate that they have standing to assert a claim for relief as individuals pursuant to *Iqbal*. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, ___ U.S. at ___, 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Consequently, plaintiffs have failed to allege such a personal stake in the outcome of this controversy as to warrant their invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on their behalf. For this reason, the Youngmans have not demonstrated that they have standing to maintain this action against defendants.

As all claims should be dismissed for other reasons, the court does not examine defendants' arguments with respect to the statute of limitations and *res judicata*.

III

For the reasons given above, defendants' motion to dismiss plaintiffs' claims pursuant to R. 12(b)(6) should be GRANTED as follows:

- Plaintiffs' third claim, alleging an uncompensated taking, should be dismissed without prejudice as unripe and outside the court's subject

---

[7] In their response, the Youngmans allege that they have been individually injured because they guaranteed the loans of Cleveland Scrap. According to the response, when Cleveland Scrap lost business due to defendants' alleged acts, the Youngmans had to renegotiate their loans and other lines of credit, to their financial detriment. Even if these allegations are true, they show only that the Youngmans are creditors of Cleveland Scrap. As creditors, their recourse is to Cleveland Scrap, not to the defendants. As quoted above, *Canderm* stands in part for the proposition that creditors do not have standing to sue for injury done to the corporation.

matter jurisdiction;

- Plaintiffs A. Youngman and J. Youngman should be dismissed as parties to the action for lack of standing; and

- Plaintiffs' first, second, fourth, fifth, and sixth grounds for relief should be dismissed with prejudice as without merit.

Date: June 23, 2011                           s/ *Nancy A. Vecchiarelli*
                                              United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See* *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also* *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.