IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
------------------------------------------------- :
 THE SCRAP YARD, LLC, et al.,                     : CASE NO.  1:10 CV 2465
                                                  :
                                      Plaintiffs, : MEMORANDUM OF OPINION AND
                                                  : ORDER OVERRULING PLAINTIFFS'
                  -vs-                            : MOTION IN OPPOSITION, ADOPTING
                                                  : THE MAGISTRATE JUDGE'S REPORT
                                                  : AND RECOMMENDATION, AND
 CITY OF CLEVELAND, et al.,                       : DENYING PLAINTIFFS' REQUEST FOR
                                                  : LEAVE TO AMEND THEIR
                                     Defendants.  : COMPLAINT.
------------------------------------------------- :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

　　　　This case involves a long-standing dispute over zoning code compliance between Cleveland Scrap, LLC, its owners and the City of Cleveland and certain named City officials. (Doc. 1). This matter was referred to Magistrate Judge Nancy A. Vecchiarelli for a Report and Recommendation ("R&R") on a motion to dismiss the Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), brought by defendants City of Cleveland ("Cleveland" or "the City"); Frank Jackson ("Jackson"), the Mayor of Cleveland, and David Cooper ("Cooper", the Chief Building Official for Cleveland. (Doc. 8). Plaintiffs The Scrap Yard, LLC ("Cleveland Scrap"), Allen Youngman ("A. Youngman"), and Jacob Youngman ("J. Youngman") filed their brief in opposition. (Doc. 9). Plaintiffs assert six claims in their Complaint: (1) an allegation of violation of due process under 42 U.S.C. § 1983; (2) a § 1983 claim alleging deprivations of liberty,

health, safety, privacy, and welfare; (3) an unlawful taking of property; (4) tortious interference with property rights under Ohio law; (5) negligence under Ohio law; and, (6) frivolous conduct under Ohio law. (Doc. 1).

In a reasoned and comprehensive R&R, Magistrate Judge Vecchiarelli advised granting the Defendants' Rule 12(b)(6) motion to dismiss the Complaint with prejudice as to counts one, two, four, five and six, granting dismissal of count three without prejudice as not ripe, and dismissing Plaintiffs A. Youngman and J. Youngman as parties for lack of standing. (Doc. 12). The Plaintiffs filed a timely response in which they level seven objections and request the Court to allow for an opportunity to amend the Complaint. (Doc. 13). Defendants filed a timely reply brief. (Doc. 14). The matter is now ripe for consideration.

The Court will address each of the Plaintiffs' objections in seriatim. The procedural and factual record is well presented in Magistrate Judge Vecchiarelli's R&R and will not be repeated here, except where necessary to apply the instant facts to the legal point under consideration. For the reasons discussed below, the Court overrules the Plaintiffs' objections and adopts Magistrate Judge Vecchiarelli's R&R. In addition, the Plaintiffs' request for leave to amend their Complaint will be denied.

**A. Whether the R&R Applied an Unreasonably Heightened Pleading Standard.**

Plaintiffs contend the R&R relies upon an unreasonably heightened pleading standard to find grounds for the dismissal of their claims against Cooper and Jackson (first, second, fourth, fifth, and sixth claims). (Doc. 13, pp. 1-2). While acknowledging that Twombly "did raise the pleading standard to require 'enough facts to state a claim

to relief that is plausible on its face,' the Plaintiffs assert that the United States Supreme Court's decision in Erickson v. Pardus, 551 U.S. 89, 93 (2007) requires the Complaint to only "give the defendant notice of the essence of the plaintiff's claim with sufficient clarity to enable the defendant to answer." (Doc. 13, p. 2 citing Erickson, 551 U.S. at 93).

The Court's task, in addressing a Rule 12(b)(6) motion, is to "consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Ashcroft v. Iqbal, __U.S.___, 129 S.Ct. 1937, 1951 (2009).  Pursuant to this standard, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).  Although the complaint need not contain "detailed factual allegations," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), Rule 8(a)(2) of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949.  As the Supreme Court explained in Iqbal: "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id.  Following Twombly and Iqbal, it is well settled that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  A claim is plausible on its face if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556, 127 S.Ct. 1955).  Plausibility is not the same as probability, but rather "asks for more than a sheer possibility that a defendant has acted

3

unlawfully." Id. (stating that factual allegations "merely consistent with liability stop[ ] short of the line between possibility and plausibility").

The R&R maintained fidelity to the pleading standards established in the Twombly, Iqbal, Erickson line of cases. The R&R adopted the general rule that the court must accept as true all allegations in the complaint, but that the rule is inapplicable to legal conclusions. This means that conclusory recitals of the elements of a claim, including legal conclusions couched as factual allegations, will not suffice. Where the face of a complaint does not otherwise set forth a plausible claim for relief, the Court looks for more concrete allegations. See Weisbarth v. Geauga Park Dist., 499 F.3d 538, 542 (6th Cir. 2007). Plausibility is a context-specific inquiry, and the allegations in the complaint must permit the court to infer more than the mere possibility of misconduct, namely, that the pleader has "show[n]" entitlement to relief. Fed.R.Civ.P. 8(a)(2) The R&R recognized that the Plaintiffs' Complaint must contain factual allegations robust enough to raise their right to relief above the speculative level. (Doc. 12, pp. 7-9). The Court finds the R&R relied upon the proper pleading standard in rendering its recommendation.

**B. Whether the Plaintiffs Stated a Cause of Action Against Defendants Cooper and Jackson.**

In bringing both state and federal claims against Cooper and Jackson, the Plaintiffs allege the Defendants – Chief Building Official for the City of Cleveland and the Mayor of the City of Cleveland, respectively – "acting under color of law" "violated clearly established federal law and recovery based upon the facts set forth in this complaint. . . " (Complaint Doc. 1, ¶¶ 32, 33; Doc. 13, pp. 2-4). The R&R reviewed the

4

Complaint and dismissed the claims against Cooper and Jackson.  As to the federal constitutional allegations brought under § 1983 (Counts one and two), the R&R found the Plaintiffs failed to allege the violations – the "particular facts that demonstrate what Cooper and Jackson did" –  with the required specificity so carefully enunciated by the Sixth Circuit in its decision in Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008).  (Doc. 12, p. 10).  Further, the R&R relied upon Twombly to dismiss the § 1983 claims against Cooper and Jackson because the Complaint failed to allege "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  As to the Plaintiffs' state tort claims against Cooper and Jackson (Counts four, five, and six), the R&R found the Complaint failed to allow the court to draw the reasonable inferences necessary to consider the allegations that Cooper and Jackson tortiously interfered with Plaintiffs' property rights, negligently damaged Plaintiffs, or injured Plaintiffs through their frivolous conduct.  (Doc. 12, p. 16).  As a consequence, the R&R advised dismissing Counts one, two, four, five, and six against Cooper and Jackson.

Relying upon Erickson, the Plaintiffs maintain, in opposition to the R&R, that "specific facts are not necessary" in their pleading but that they may in their § 1983 claims, instead, rely upon merely alleging a deprivation of right from one acting under color of state law.  (Doc. 13, p. 2).  Further, the Plaintiffs contend the R&R should not have relied upon the Sixth Circuit's decision in Lanham, requiring specificity in pleading constitutional violations, because the case was before the Court on a motion for summary judgment.  Finally, the Plaintiffs object to the need for specificity in their tort allegations against Cooper and Jackson.  (Doc. 13, pp. 7-8).

5

In reviewing the Complaint, the Court concurs with the findings of the R&R. The Plaintiffs' vague and conclusory allegations of nefarious action by Cooper and Jackson, merely due to their positions within the City of Cleveland, are not well-pleaded, and are therefore insufficient to "plausibly suggest an entitlement to relief." Iqbal, 129 s.Ct. At 1951. The Plaintiffs' "naked assertion[s]" are conclusory and, as such, are not entitled to an assumption of truth. The Court finds this standard applicable both for the Plaintiffs' constitutional and state tort law claims. Further, the Sixth Circuit has, without limit, established a standard for the factual specificity of constitutional claims, which standard is wholly unmet by the Plaintiffs' Complaint. See Lanman v. Hinson, 529 F.3d 673, 684 (6th Cir. 2008) (noting that "damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.")

### C.  Whether the Plaintiffs Have Successfully Stated a Cause of Action Pursuant to § 1983 Against the City of Cleveland.

The R&R advises dismissing the Plaintiffs' § 1983 (counts one and two) claims against the City of Cleveland, pursuant to Rule 12(b)(6). (Doc. 12, p. 11). The R&R finds the Plaintiffs' claims founded on "a single set of allegedly wrongful acts" and not, as they must, grounded on allegations that the violations occurred pursuant to the City of Cleveland's policy or custom. See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 694 (1978); Garner v. Memphis Police Dep't, 8 F.3d 358, 361, 363-64 (6th Cir. 1993).

In opposition, the Plaintiffs maintain that their § 1983 claims against the City of Cleveland did allege the necessary "custom or policy" in pointing to the City's efforts at zoning "code compliance". (Doc. 13, p. 5). Yet, as Magistrate Judge Vecchiarelli

6

properly notes, the "Plaintiffs do not allege that Cleveland engaged in the conduct alleged in the complaint toward any other entities. Consequently, they have not alleged a "policy or custom," but rather described a single set of allegedly wrongful acts." (Doc. 12, p. 11). Further, under Pembaur v. Cincinnati, 475 U.S. 469, 483 (1986), relied upon by the Plaintiffs in their opposition, liability attaches to the officials responsible for final policy decisions in an instance of "custom or policy." In this instance, the Housing Court, and not the City of Cleveland, enforced compliance with the zoning code.

The Court finds the Plaintiffs' § 1983 claims against the City of Cleveland should be dismissed pursuant to Rule 12(b)(6).

### D. Whether Plaintiffs Allen Youngman and Jacob Youngman Have Standing to Bring the Present Action.

Magistrate Judge Vecchiarelli advises dismissing Plaintiffs A. Youngman and J. Youngman from the suit for lack of standing. (Doc. 12, pp. 16-18). The R&R finds the Plaintiffs have not alleged sufficient facts to demonstrate they have standing to assert a claim for relief as individuals pursuant to Iqbal. Iqbal, __U.S. at __, 129 S.Ct. At 1949 (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 555(2007)).

In their opposition, Plaintiffs assert that Allen and Jacob Youngman suffered separate and distinct injury because they personally guaranteed the debt of Cleveland Scrap. (Doc. 13, p. 9). Plaintiffs rely upon Konica Minolta Bus. Solutions, USA, Inc. v. Allied Office Prod., Inc., 724 F.Supp.2d 861, 869 (S.D. Ohio 2010), to argue that a personal guarantee for a loan may suffice as the basis for an individual cause of action by a shareholder.

7

The Complaint identifies Allen Youngman as the majority owner and President of Cleveland Scrap (¶ 29) and Jacob Youngman as the minority shareholder and Vice-President of Cleveland Scrap (¶ 30).  Shareholder and corporate officers do not, by virtue of their office, have standing to assert claims based on injury to the corporation.  See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 603 (6th Cir. 1988).  A shareholder may maintain an individual action in his or her own right only where the shareholder suffers an injury separate and distinct from that suffered by other shareholders.  See Gaff v. Federal Deposit Ins. Corp., 814 F.2d 311, 315 (1987).

However, the Complaint does not allege the Youngmans suffered a separate injury due to their status as loan guarantors of Cleveland Scrap, only that as "majority owner" and "minority shareholder," the two have "personally been damaged to an undetermined extent."  Further, as the R&R noted, as creditors of Cleveland Scrap, the Youngman's recourse is to Cleveland Scrap, not to the Defendants.  Finally, the Plaintiffs' reliance upon Konica, supra, is misplaced, as any alleged injury must be closely connected with the guarantee contract.  See Adair v. Wozniak, 23 Ohio St. 3d 174 (1986).  In the case at bar, there is no allegation the Defendants breached any duty with regard to the Youngmans' personal obligations on the loan guarantees.

The Court finds that the Youngmans lack standing to maintain this action against Defendants.

**E.  Whether the Plaintiffs' Claim for Unlawful Taking of Property is Ripe.**

Magistrate Judge Vecchiarelli recommended dismissing without prejudice the Plaintiffs' claim for an unlawful taking of property (count three), because the Plaintiffs have failed to exhaust their available state remedies.  (Doc. 12, pp. 12-13).  See

8

Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 195 (1985) (finding an action for an unlawful taking not ripe for adjudication where the plaintiffs had not pursued the available state remedies).  In Ohio, a constitutionally adequate remedy for an alleged unconstitutional taking is to pursue a mandamus action and seek just compensation.  See Silver v. Franklin Township, 966 F.2d 1031, 1035 (6th Cir. 1992).  Until the State fails to provide adequate compensation for a taking, the State's action is not complete.  J-II enterprises, LLC v. Board of Com'rs of Warren County, 2005 WL 1285640 (6th Cir. 18 May 2005).

The Plaintiffs, admittedly, have not pursued the requisite mandamus relief.  Instead, they maintain that such relief is unnecessary because "even if a separate [mandamus] lawsuit were filed in state court, the Defendants would likely move for removal to this Court and seek jurisdiction under this Court's pendant jurisdiction." (Doc. 13, p. 10).  Speculation will not gain the Plaintiffs any jurisdiction in this instance.  The Fifth Amendment does not prohibit the taking of property; it prohibits the taking without just compensation.  See Hensley v. Columbus, 557 F.3d 693, 695-96 (6th Cir. 2009).  Without a state judgment on a mandamus action seeking just compensation, the alleged taking is not complete and this Court will not possess jurisdiction to entertain the question.

The Plaintiffs' allegation of taking property without just compensation (count three) will be dismissed without prejudice for lack of jurisdiction.

9

**F.  Whether the City of Cleveland is Immune from the Plaintiffs' State Law Tort Claims.**

The R&R advised that the City of Cleveland was immune from the Plaintiffs' state law tort claims under O.R.C. § 2744.  (Doc. 12, pp. 13-15).  In this instance, the alleged tortious acts were the result of the City's efforts to seek "code compliance" from Cleveland Scrap.  (Complaint ¶¶ 2, 41).  As a governmental function under O.R.C. § 2744.02(C)(2)(p), the City is immune to the asserted tort liability unless an exception to immunity applies.  None of the exceptions, O.R.C. §§ 2744.02(B)(1)-(5), apply in this instance, nor do the Plaintiffs allege any exceptions.

Plaintiffs' contention, in response to the R&R, that the City's enforcement of zoning codes is a  "proprietary function" and not a "governmental function" is not well taken.  The statute specifically defines "[t]he provision or nonprovision of inspection services of all types, including . . . zoning . . . and the taking of actions in connection with those types of codes" as a "governmental function" in which statutory immunity might extend.  O.R.C. § 2744.01(C)(2)(p).

Accordingly, the Court finds the Plaintiffs' allegations of tortious interference with property rights, negligence and frivolous conduct (counts four, five, and six) should and will be dismissed as to the City of Cleveland.

**G.  Whether the Plaintiffs are Entitled to an Opportunity to Amend their Complaint.**

For the first time, in their brief in opposition to Magistrate Judge Vecchiarelli's R&R, the Plaintiffs' request leave to amend their Complaint as a "usual practice" to amend any deficiencies in the pleadings.  <u>PR Diamonds, Inc. v. Chandler</u>, 364 F.3d 671, 698 (6th Cir. 2004).  (Doc. 13, p. 12).

10

The Plaintiffs' request for leave is not well taken.  Plaintiffs rely upon PR Diamonds for the proposition that the "usual practice" is to grant plaintiffs leave to amend their complaint.  In actuality, PR Diamonds denied the plaintiffs' leave to amend because the plaintiffs failed to file a motion to amend along with an accompanying brief.  Instead, plaintiff PR Diamonds, much like the Plaintiffs in the instant case, merely requested an opportunity to amend their complaint in their brief opposing the defendant Chandler's motion to dismiss.  PR Diamonds, Inc., 364 F.3d at 699.  In the instant matter, the Plaintiffs waited even longer, penning their request for leave to amend only after opposing Magistrate Judge Vecchiarelli's R&R dismissing their entire case.  Further, the instant Plaintiffs' request is absent any particular grounds on which to grant their leave aside from their representation that "Plaintiffs have valid claims which are entitled to redress."  (Doc. 13, p. 12).  As PR Diamonds, Inc., observed, "a bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which amendment is sought – does not constitute a motion within the contemplation of Rule 15(a)."  Id. (citations removed).

Further, upon review of the grounds for dismissing the Plaintiffs' Complaint, further amendment would be futile, as the Complaint's legal deficiencies could not be repaired through amendment.

Accordingly, the Plaintiffs' request for leave to amend their Complaint is denied.

**CONCLUSION**

The Court grants the City's motion to dismiss the Plaintiffs' Complaint with prejudice as to counts one, two, four, five, and six. The Court dismisses the Plaintiffs' takings claim – count three – without prejudice. Plaintiffs A. Youngman and J. Youngman are dismissed as parties to this action for lack of standing. The court denies the Plaintiffs' request for leave to amend the Complaint. This matter is closed.

.

IT IS SO ORDERED.

          /s/Lesley Wells
UNITED STATES DISTRICT JUDGE